UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JEFF CAMEAU,

                       Plaintiff,                **MEMORANDUM AND ORDER**
                                                                         15 CV 2861 (DRH) (AKT)

        - against -

NATIONAL RECOVERY AGENCY,

                       Defendant.
------------------------------------------------------------X
**APPEARANCES:**

**EDWARD B. GELLER, ESQ., P.C.**
Attorney for Plaintiff
15 Landing Way
Bronx, NY 10464
By:    Edward B. Geller, Esq.

**MIBTZER, SAROWITZ, ZERIS, LEDVA & MEYERS**
Attorneys for Defendant
17 West John Street, Suite 200
Hicksville, NY 11801
By:    Bradley Jay Levien, Esq.
           David George Peltan, Esq.
           Brandon M. Wrazen, Esq.
           Kate McCaul Cifarelli, Esq.

**HURLEY, Senior District Judge:**

       Plaintiff Jeff Cameau ("plaintiff" or "Cameau") brings this action against defendant National Recovery Agency, Inc. ("defendant" or "NRA") for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. Presently before the Court is defendant's unopposed motion for summary judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56. For the reasons set forth below, the motion is granted.

## BACKGROUND

       Plaintiff alleges that Defendant began its debt collection efforts by placing calls to

plaintiff's home and mobile phone numbers on or about May, 2014. Plaintiff's Complaint focuses on one particular telephone call that plaintiff placed to the defendant on May 29, 2014, presumably in response to the calls from defendant. Plaintiff alleges that on that date, upon being connected with the defendant, plaintiff heard defendant's recorded greeting stating "calls may be recorded" and directing the plaintiff to dial an extension number. Plaintiff, however, did not dial the extension number and was connected to an individual who stated, "calls may be recorded, may I help you?" Plaintiff then inquired as to the name of defendant's company, but the representative ignored plaintiff and identified himself as Chris Nash ("Nash"). Nash then identified a creditor seeking to collect a debt from plaintiff. Plaintiff expressed confusion as to why he instead of his attorney was being contacted about the debt and stated he would call back to provide his attorney's information.

## DISCUSSION

**I.** **Standard of Review for Summary Judgment**

Summary judgment pursuant to Rule 56 is only appropriate where admissible evidence in the form of affidavits, deposition transcripts, or other documentation demonstrates the absence of a genuine issue of material fact, and one party's entitlement to judgment as a matter of law. *See Viola v. Philips Med. Sys. of N. Am.*, 42 F.3d 712, 716 (2d Cir. 1994). The relevant governing law in each case determines which facts are material; "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed. 2d 202 (1986). No genuinely triable factual issue exists when the moving party demonstrates, on the basis of the pleadings and submitted evidence, and after drawing all inferences and resolving all ambiguities in favor of the non-movant, that no rational jury could

2

find in the non-movant's favor. *Chertkova v. Conn. Gen. Life Ins. Co.*, 92 F.3d 81, 86 (2d Cir. 1996) (citing Fed. R. Civ. P. 56(c)).

To defeat a summary judgment motion properly supported by affidavits, depositions, or other documentation, the non-movant must offer similar materials setting forth specific facts that show that there is a genuine issue of material fact to be tried. *Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996). The non-movant must present more than a "scintilla of evidence," *Delaware & Hudson Ry. Co. v. Consol. Rail Corp.*, 902 F.2d 174, 178 (2d Cir. 1990) (quoting *Anderson*, 477 U.S. at 252), or "some metaphysical doubt as to the material facts," *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1072 (2d Cir. 1993) (*quotingMatsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L.Ed. 2d 538 (1986)), and cannot rely on the allegations in his or her pleadings, conclusory statements, or on "mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. Cnty. of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (internal citations omitted).

The district court, in considering a summary judgment motion, must also be "mindful of the underlying standards and burdens of proof," *Pickett v. RTS Helicopter*, 128 F.3d 925, 928 (5th Cir. 1997) (citing *Anderson*, 477 U.S. at 252), because the evidentiary burdens that the respective parties will bear at trial guide district courts in their determination of summaryjudgment motions. *Brady v. Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988). Where the non-moving party will bear the ultimate burden of proof on an issue at trial, the moving party's burden under Rule 56 will be satisfied if he can point to an absence of evidence to support an essential element of the non-movant's claim. *Id.* at 210-11. Where a movant without the underlying burden of proof offers evidence that the non-movant has failed to establish her claim, the burden shifts to the non-movant to offer "persuasive evidence that [her]

claim is not implausible." *Id.* at 211 (citing *Matsushita*, 475 U.S. at 587). "[A] complete failure of proof concerning an essential element of the [non-movant's] case necessarily renders all other facts immaterial." *Crawford,* 758 F.3d at 486 (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

"[W]here the non-moving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (internal quotation marks and citation omitted). Moreover, the Court may grant an unopposed motion for summary judgment only where "the facts as to which there is no genuine dispute show that the moving party is entitled to judgment as a matter of law." *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996) (internal quotation marks and citations omitted).

## II. Plaintiff's FDCPA Claim

Section 1692d(6) of the FDCPA provides that a debt collector in connection with the collection of a debt may not place "telephone calls without meaningful disclosure of the caller's identity." Courts have held that meaningful disclosure requires the caller to identify the company that he or she represents. *Ostrander v. Accelerated Receivables*, 2009 WL 909646, at *6 (W.D.N.Y. Mar. 31, 2009) (collecting cases); *c.f.*, *Fashakin v. Nextel Comms.*, 2009 WL 790350, at * 7 (E.D.N.Y. Mar. 25, 2009 ) ("[I]f an individual debt collector who is employed by a debt collection company accurately discloses the name of her employer and the nature of her business and conceals no more than her real name," meaningful disclosure under § 1692d(6) has been made.). Plaintiff claims that defendant violated this provision because "Defendant's

4

representative, 'Chris Nash,' refused to identify Defendant's company name to Plaintiff in [the] telephone conversation of May 29, 2014" and because defendant's "recorded greeting states only that '[c]alls may be recorded,' and agents who come on the line have been trained by Defendant to say only, 'Calls may be recorded, may I help you?' " (Compl. ¶ 18.)

Defendant denies having violated the FDCPA and argues that plaintiff made certain admissions at his deposition that eviscerate his claim. Indeed, at his deposition, plaintiff admitted that he never received a call from anyone identifying himself as Chris Nash (Cameau Dep. at 15, 23, 26). He also testified that he did not speak to any representative of the defendant in May of 2014. (*Id*. at 23.) Additionally, he did not recall receiving a call in May of 2014 and hearing a recording that said "calls may be recorded." (*Id*. at 27.) Moreover, given that plaintiff did not oppose the motion, he has not put forward any evidence to refute defendant's denial or to substantiate his claims. As a result, plaintiff's § 1692d(6) claim is dismissed.[1]

Plaintiff also alleges that defendant violated the preface of § 1692e as well as § 1692e(10). Section 1692e's preface provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Section 1692e(10) provides that "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" is a violation of the FDCPA. Plaintiff claims that defendant violated these provisions because "Defendant's representative 'Chris Nash,' deceptively refus[ed] to reveal Defendant's company

---

[1] In reviewing plaintiff's deposition, it appears there may be a question of fact as to whether voicemails left by defendant on the plaintiff's home phone may violate § 1692e(6), as plaintiff testified that he received voicemail messages in 2013 and 2014 seeking to collect a debt, but that the caller did not identify the company on whose behalf he or she was calling. (Cameau Dep. at 12-13; 22). However, plaintiff has never made a motion to amend the Complaint to include claims based on those voicemails.

name." (Compl. ¶ 20.) Plaintiff also alleges that defendant violated these provisions by "concealing pertinent facts about [its] identity to consumers who reply to telephone calls from Defendant . . . by deliberately and purposefully making no mention of Defendant's company name." (*Id*.) However, as discussed above, plaintiff at his deposition denied ever speaking to anyone by the name of Chris Nash, and he has not put forth any evidence of having replied to any telephone calls or messages from Defendant. As a result, there is also no genuine issue of material fact as to whether defendant violated § 1692e and his claims based on that provision are dismissed.

Finally, plaintiff alleges that defendant violated § 1692f, which prohibits debt collectors from engaging in "unfair or unconscionable means to collect or attempt to collect any debt." Plaintiff alleges that defendant violated this provision because it "directed multiple unauthorized telephone calls" to plaintiff and "refused to identify [itself] to Plaintiff." (Compl. ¶ 22.) This provision is a "catchall provision serving as a backstop function to catch practices that are not covered by other sections of the" FDCPA. *Bennett v. Asset Recovery Solutions, LLC*, 2017 WL 432892 (E.D.N.Y. Jan. 5, 2017 (internal quotation marks omitted) (collecting cases). Here, plaintiff does not allege that defendant's behavior falls into any of the specific categories of unconscionable behavior specifically enumerated in § 1692f. Rather he repeats his claim that defendant failed to meaningfully identify itself. Such a claim is already covered under his § 1692d(6) allegations.[2] As a result, this claim is dismissed.

---

[2] To the extent plaintiff alleges a violation of § 1692f based on the repetitive nature of the defendant's calls, that claim would be covered by § 1692d(5), which prohibits a debt collector from engaging in conduct "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt . . . [including] . . . [c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." Therefore, such a claim also would not fall under the catch-all provision of § 1692f.

## CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is granted. The clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
June 6, 2017

/s/
Denis R. Hurley
Unites States District Judge