**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
JEFF CAMEAU,

                Plaintiff,

- against -

NATIONAL RECOVERY AGENCY, INC.,

                Defendant.
-------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

CV 15-2861 (DRH) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

Plaintiff Jeff Cameau ("Plaintiff") commenced this action in May of 2015 against Defendant National Recovery Agency, Inc. ("Defendant"), asserting violations of the Fair Debt Collection Practices Act ("FDCPA"). *See generally* Plaintiff's Complaint ("Compl.") [DE 1]. Following the close of discovery, Judge Hurley granted Defendant's unopposed motion for summary judgment. *See* DE 31.

On October 12, 2017, Defendant filed a motion for attorneys' fees pursuant to 15 U.S.C § 1692k(a)(3), Fed. R. Civ. P. Rule 54(d), and 28 U.S.C. § 1927. *See* Defendant's Memorandum of Law in Support of Motion for Attorneys' Fees ("Def.'s Mem. No. 1") [DE 41-1]. Plaintiff filed opposition to the motion, *see* Plaintiff's Memorandum in Opposition to Defendant's Motion for Attorneys' Fees ("Pl.'s Opp'n. No. 1") [DE 42], in response to which Defendant filed a reply. *See* Defendant's Memorandum in Reply in Further Support of Motion for Attorneys' Fees ("Def.'s Reply No. 1") [DE 43]. Defendant simultaneously filed a motion for sanctions and attorney's fees under Federal Rule of Civil Procedure 11. *See* Defendant's Memorandum of Law in Support of Motion for Sanctions ("Def.'s Mem. No. 2") [DE 44-1]. Plaintiff also filed an

opposition to this motion, *see* Pl.'s Memorandum in Opposition to Defendant's Motion for Sanctions ("Pl.'s Opp'n. No. 2") [DE 45], and Defendant filed a reply. *See* Defendant's Memorandum in Reply in Further Support of Motion for Sanctions ("Def.'s Reply No. 2") [DE 46].

On October 13, 2017, Judge Hurley referred both of Defendant's motions to this Court for a Report and Recommendation as to whether the motions should be granted. *See* Electronic Order dated October 13, 2017. For the reasons which follow, this Court respectfully recommends to Judge Hurley that Defendant's motion for attorney's fees be DENIED, and Defendant's Rule 11 motion for sanctions be GRANTED.

## II. FACTUAL BACKGROUND AND PROCEDURAL POSTURE

### A. Factual Background

The Court summarizes the facts alleged in the Complaint and the undisputed facts as determined by Judge Hurley in his decision on Defendant's motion for summary judgment.

#### 1. *Allegations in the Complaint*

Plaintiff's Complaint alleges that in May of 2014, Defendant placed calls to Plaintiff's home and mobile telephone numbers for purposes of collecting a debt. Compl. ¶ 10. Plaintiff asserts that in October 2013, he had previously received similar unauthorized calls for which he sought legal representation. After retaining counsel and believing that the May 2014 calls were from the same source, Plaintiff placed a telephone call to Defendant on May 29, 2014. *Id*. ¶ 12. Upon being connected, Plaintiff says that he heard a recorded greeting which stated "calls may be recorded," and which directed him to dial an extension number. *Id.* ¶ 13. Plaintiff alleges that he did not dial the extension number; however, he was connected to an individual who stated "calls may be recorded, may I help you?" *Id*. Plaintiff asserts he informed the representative

that he was receiving calls from the Defendant and inquired as to the Defendant's company name. *Id*. ¶ 14. According to the Complaint, the representative ignored Plaintiff's inquiry and proceeded to identify himself as "Chris Nash." *Id*. The representative then stated that the communication was from a debt collector for purposes of collecting a debt. *Id.* Plaintiff states that "Mr. Nash then identified the creditor which Plaintiff recognized as the same creditor for which he was previously represented by [Plaintiff's counsel]. Plaintiff expressed his confusion about why his attorney was not being contacted instead of him. Mr. Nash asked for Plaintiff's attorney's contact information and Plaintiff replied that he would call back and provide it." *Id*. ¶ 15.

Plaintiff's Complaint asserts that Defendant's conduct violated three provisions of the FDCPA: 15 U.S.C. §§ 1692d(6), 1692e, and 1692f. *See* Compl. ¶¶ 16-23. According to the Complaint, "[i]n violation of 15 U.S.C. § 1692d(6), a Defendant's representative, 'Chris Nash,' refused to identify Defendant's company name to Plaintiff in [the] telephone conversation of May 29, 2014." *Id*. ¶ 18. Plaintiff additionally states that Defendant violated Section 1692d(6) in failing to have its recorded greeting or representatives clearly identify the name of the Defendant. *See id*. Plaintiff claimed this conduct also violated Sections 1692e and 1692f. *See id*. ¶¶ 19-22.

### 2. *Judge Hurley's Decision on Summary Judgment*

On January 11, 2017, Defendant moved for summary judgment, which Judge Hurley granted on June 6, 2017. *See* DE 31. In his Memorandum and Order, Judge Hurley concluded that portions of Plaintiff's deposition testimony substantially contradicted allegations set forth in the Complaint. *See id*. at 5. Specifically, Judge Hurley found that Plaintiff

> admitted that he never received a call from anyone identifying himself as Chris Nash (Cameau Dep. at 15, 23,

3

> 26). He also testified that he did not speak to any representative of the defendant in May of 2014. (*Id*. at 23). Additionally, he did not recall receiving a call in May of 2014 and hearing a recording that said "calls may be recorded." (*Id*. at 27). Moreover, given that Plaintiff did not oppose the motion, he has not put forward any evidence to refute defendant's denial or to substantiate his claims. As a result, plaintiff's § 1692d(6) claim is dismissed.

*Id.*

### B.  Procedural Posture

Plaintiff commenced this action on May 18, 2015. *See* Compl. Defendant filed its Answer on June 16, 2015. *See* DE 8. Defendant deposed Plaintiff on February 25, 2016. *See* Pl.'s Mem. No. 2., Ex. C [DE 44-5]. By letter dated June 23, 2016, Defendant requested that Plaintiff voluntary discontinue the action within 21 days in light of Plaintiff's deposition testimony. Defendant also expressed its intent to move for summary judgment in the event the action was not discontinued. *See id*., Ex. D [DE 44-6]. According to the Defendant, Plaintiff's counsel did not respond to this letter. *See id.* at 15. On July 6, 2016, Defendant requested a pre-motion conference before Judge Hurley for purposes of moving for summary judgment. *See* DE 23. Judge Hurley subsequently waived his pre-motion conference requirement and Defendant filed its motion for summary judgment on January 11, 2017. *See* DE 28. The docket reflects that on October 13, 2016, Plaintiff requested a 30-day extension of time to submit an opposition, which the Court granted. *See* DE 26. Despite the request, Plaintiff never filed any opposition to Defendant's summary judgment motion. Judge Hurley issued his Memorandum and Order [DE 31] granting Defendant's motion for summary judgment on June 6, 2017.

Defendant filed the instant motions on October 12, 2017. *See* DE 41, 44. Both were referred to this Court for a Report and Recommendation. *See* Electronic Order dated October 13, 2017.

4

## III. DEFENDANT'S MOTION FOR FEES

Defendant moves this Court for an award of attorney's fees pursuant to 15 U.S.C. § 1628k(a)(3), Fed. R. Civ. P. 54, and 28 U.S.C § 1927. The Court will address in turn each of Defendant's claimed bases for relief.

### A. 15 U.S.C. § 1692k(a)(3)

Defendant contends that it is entitled to attorney's fees and costs under the FDCPA, 15 U.S.C. § 1692k(a)(3), because "Plaintiff brought this action without any basis in fact or in law. It was brought in bad faith and for the purpose of harassing defendant." Def.'s Mem. No. 1. at 4. In opposition, Plaintiff's counsel denies that he or his client acted in bad faith or for the purposes of harassment, and instead argues that Plaintiff "rightfully believed he had a valid claim against Defendant, " as evidenced by the fact that he sought legal representation and appeared for the deposition. Pl.'s Opp'n. No. 1. at 6.

#### 1. *Legal Principles*

15 U.S.C. § 1692k(a)(3) provides that "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). An award of attorneys' fees under Section 1692k(a)(3) is appropriate where there exists "evidence that the plaintiff both knew that her claim was meritless and pursued it with the purpose of harassing the defendant." *Blumenfield v. Advanced Call Ctr. Techs., LLC,* No. 15-CV-4578, 2015 WL 6442621, at *3 (E.D.N.Y Oct. 23, 2015); *see Spira v. Ashwood Financial, Inc.,* 358 F. Supp. 2d 150, 161 (E.D.N.Y. 2005) (noting that defendant must meet the statutory standard of proving bad faith and harassment). Under Section 1692k(a)(3), a "defendant must

5

provide evidence of *plaintiff's* bad faith (as opposed to counsel's bad faith)." *Timoshenko v. Mullooly, Jeffrey, Rooney & Flynn, LLP*, No. 17-CV-4472, 2018 WL 1582220, at *4 (E.D.N.Y. Mar. 30, 2018) (emphasis in original) (quoting *Mellon v. Monarch Recovery Mgmt., Inc.*, No. 17-CV-2695, 2017 WL 4776738, at *3 (E.D.N.Y. Oct. 17, 2017)). Moreover, a defendant must show that a plaintiff's "entire lawsuit was brought in bad faith and to harass [the] defendant." *Jenkins v. AmeriCredit Fin. Servs., Inc.*, No. 14-CV-5687, 2017 WL 1325369, at *9 (E.D.N.Y. Feb. 14, 2017) (quoting *Clayson v. Rubin & Rothman, LLC*, 751 F. Supp. 2d 491, 497 (W.D.N.Y. 2010)). Importantly, the fact that a defendant is entitled to judgment does not, on its own, provide a basis for awarding attorneys' fees. *Blumenfield*, 2015 WL 6442621, at *3.

### 2. Application

Upon consideration of the record and the Parties' motion papers, the Court finds that Defendant has not proffered sufficient evidence of any bad faith or intent to harass on the part of the Plaintiff which would warrant an award under Section 1692k(a)(3). Indeed, Defendant's argument is founded entirely on Judge Hurley's Memorandum and Order which concluded that Plaintiff's deposition testimony was fatal to his claims. *See* Def.'s Mem No. 1 at 4-5. No other evidentiary showing has been made. While Plaintiff's deposition testimony was clearly sufficient to defeat his claims, the Court does not find that his statements necessarily evidence bad faith or an intent to harass.

As to telephone calls from debt collectors, Plaintiff testified that he recalled receiving "five or six" telephone calls in 2013 from someone trying to collect a debt regarding medical bills. *See* Pl.'s Mem. No. 1., Ex. C (12-14). He stated that in May of 2014, he did receive a call regarding a hospital bill, although he did not recall the specifics. *Id.* (15:12-24). He also stated that on May 29, 2014, he received a voicemail or message on an answering machine, which he in

turn recorded on a cell phone that has since been lost. *Id*. (16-19). Plaintiff also testified that he remembered requesting the name of the company that was calling him to collect a debt in May of 2014, although he did not remember anyone identifying himself as "Chris Nash." *Id*. (25:12-25). Defendant's counsel walked Plaintiff through several allegations in the Complaint, inquiring if Plaintiff "recalled" any of the events as they are alleged, to which the Plaintiff generally answered "no." *See id*. (26-27, 33-34). This testimony was perhaps the most detrimental to Plaintiff's claims. In addition, Plaintiff affirmatively stated that he did not "call anyone responding to a message regarding the hospital bill at issue." *Id*. (33:3-6).

Taking Plaintiff's deposition as a whole, his testimony clearly illustrates the lack of factual support for many of his allegations – hence, the award of summary judgment for Defendant. However, there are several areas of consistency between the Complaint and Plaintiff's deposition testimony, specifically as to the existence of communications to collect a debt, as well as to relevant dates. While insufficient to support his claims, the testimony does not necessarily provide evidence that Plaintiff commenced the action in bad faith or with an intent to harass. Moreover, as noted, Defendant has failed to proffer any evidence of Plaintiff's alleged bad faith and intent to harass beyond his deposition testimony and a paragraph of Judge Hurley's summary judgment decision. In the absence of a more effective showing, the Court recommends to Judge Hurley that Defendant's motion for attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), be DENIED.

    **B.**     **FED. R. CIV. P. 54**

Defendant next moves the Court for attorney's fees, pursuant to Federal Rule of Civil Procedure 54(d)(2), arguing that relief under Rule 54(d)(2) is appropriate because Plaintiff's Complaint was "filed for improper purposes—Plaintiff admitted that its substantial factual

7

allegations are false." Def.'s Mem. No. 1. at 6. Defendant also points to the request by Plaintiff's counsel for an extension to file opposition to the summary judgment motion: "Plaintiff requested an extension—without filing anything—solely for the purposes of delaying and harassing Defendant." *Id.* Plaintiff's counsel asserts that he "requested an extension of time to respond to Defendant's motion, due to the fact that he was unable to contact Mr. Cameau and his cooperation was necessary to properly respond to Defendant's motion. . . . During the thirty day period, and indeed through today, Mr. Geller has been unable to reach Mr. Cameau" Pl.'s Opp'n. No. 1 at 5.

### 1. *Legal Principles*

Although Defendant seeks attorneys' fees pursuant to Rule 54(d)(2), that rule -- unlike Rule 54(d)(1) immediately preceding it which addresses costs "other than attorney's fees -- does not provide an independent source of authority for a fee award. Rather, Rule 54(d)(2) is a procedural guide to be utilized where attorneys' fees are elsewhere authorized. In this sense, the Court interprets Defendant's motion as a request for a fee award flowing from the Court's inherent equity authority, as explained below.

"Under the bedrock principle known as the 'American Rule,' [e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 382 (2013) (internal quotations omitted). However, federal courts possess an inherent equity authority that manifests itself in three well-recognized exceptions to the American Rule, through which a federal court can shift fees in the absence of statutory or contractual authorization: (1) a court may "award attorney's fees to a party whose litigation efforts directly benefit others;" (2) "a court may assess attorney's fees as a sanction for the 'willful disobedience of a court order;'" and (3) "a court may assess attorney's fees when a party

8

has "'acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (citations omitted). "These exceptions [to the American Rule] are unquestionably assertions of the inherent power in courts to allow attorneys' fees in particular situations, unless forbidden by Congress." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 258-59; *see United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO,* 948 F.2d 1338, 1345 (2d Cir. 1991) (quotation omitted) ("This power stems from the very nature of courts and their need to be able to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

The third exception, known as the "bad-faith" exception, is relevant to Defendant's motion. "This bad-faith exception permitting an award of attorneys' fees is not restricted to cases where the action is filed in bad faith. An inherent power award may be imposed either for commencing or for continuing an action in bad faith, vexatiously, wantonly, or for oppressive reasons." *Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir. 1986); *see Hall v. Cole*, 412 U.S. 1, 15 (1973) ("'[B]ad faith' may be found, not only in the actions that led to the lawsuit, but also in the conduct of the litigation."). To ensure that a fee award will not deter prospective litigants with colorable claims, courts should refrain from such an award "absent both 'clear evidence' that the challenged actions 'are entirely without color, and [are taken] for reasons of harassment or delay or for other improper purposes' and 'a high degree of specificity in the factual findings.'" *Oliveri,* 803 F.2d at 1272 (quoting *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 345 (2d Cir. 1986)).

### 2. *Application*

The Court does not find that Plaintiff's deposition testimony sufficiently evidences bad faith in the commencement of the action. Where Plaintiff's testimony -- and the absence of any

9

further showing by Defendant -- are insufficient for a fee award under 15 U.S.C. § 1692k(a)(3), they are necessarily insufficient for an award under the Court's inherent authority by way of the bad-faith exception. That is to say, without "evidence that the plaintiff both knew that her claim was meritless and pursued it with the purpose of harassing the defendant," *Blumenfield*, 2015 WL 6442621, at *3, the Court does not see how there could exist "clear evidence" that Plaintiff's actions were "entirely without color, and [taken] for reasons of harassment or delay or for other improper purposes," let alone the required "high degree" of factual specificity required by the bad-faith exception. *Oliveri,* 803 F.2d at 1272. Therefore, for the reasons already identified, the Court declines to award attorneys' fees for commencing the action in bad faith, vexatiously, wantonly, or for oppressive reasons.

The other basis on which Defendant seeks fees in this context is the request for an extension to submit opposition to Defendant's summary judgment motion, which Plaintiff's counsel sought and received. *See* Def.'s Mem. No. 1. at 6. The Court declines to award attorney's fees for counsel's conduct with respect to the extension for two reasons. First, and most significantly, counsel states that he requested the extension so that he could communicate with his client, whom he had been unable to reach, even to this day. *See* Pl.'s Opp'n. No. 1 at 5. The Court finds this explanation sufficient to rebut an inference of bad faith or impropriety. Moreover, in the Court's view, a 30-day extension in the context of summary judgment motion practice is not extreme and Defendant has not shown in any meaningful way how it was prejudiced.

Accordingly, the Court respectfully recommends to Judge Hurley that Defendant's motion for attorney's fees pursuant to the Court's inherent equity authority be DENIED.

### C. 28 U.S.C § 1927

Defendant also contends that it is entitled to attorney's fees pursuant to 28 U.S.C § 1927 because Plaintiff's counsel "unreasonably and vexatiously engaged in delay tactics to extended [*sic*] the case" by requesting an extension of time to file opposition to the summary judgment motion and never filing anything. Def.'s Mem. No. 1 at 7.

#### *1. Legal Principles*

Under 28 U.S.C. § 1927, any attorney in a federal court who "so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "Bad faith is the touchstone of an award under this statute." *Int'l Bhd. of Teamsters*, 948 F.2d at 1345. Accordingly, the Second Circuit has held that "an award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Id.* (citation omitted); *Oliveri*, 803 F.2d 1265 (2d Cir. 1986) ("Imposition of a sanction under § 1927 requires a 'clear showing of bad faith.'") (citation omitted); *Colucci v. New York Times Co.*, 533 F. Supp. 1011, 1014 (S.D.N.Y. 1982) ("To justify the imposition of excess costs of litigation upon an attorney [under § 1927] his conduct must be of an egregious nature, stamped by bad faith that is violative of recognized standards in the conduct of litigation. The section is directed against attorneys who willfully abuse judicial processes."). Courts within the Second Circuit "construe [Section 1927] narrowly and with great caution, so as not to stifle the enthusiasm or chill the creativity that is the very lifeblood of the law." *Romeo v. Sherry,* 308 F. Supp. 2d 128, 148 (E.D.N.Y 2004) (quoting *Mone v. C.I.R.,* 774 F.2d 570, 574 (2d Cir. 1985)).

### 2. *Application*

As the Court has already determined with respect to the request for an extension of time to oppose Defendant's motion for summary judgment, Plaintiff's counsel does not appear to have acted in bad faith. Counsel has proffered what appears to be a legitimate explanation for his request for an extension, as well as for his failure to file any opposition to the motion, namely, that his client is incommunicado. In addition, Defendant has failed to show how it experienced any meaningful prejudice or harm by the 30-day extension -- not an excessive period of time. Simply put, this case does not present conduct that is "of an egregious nature, stamped by bad faith that is violative of recognized standards in the conduct of litigation," such that the Court can conclude that Plaintiff's counsel "willfully abuse[d] the judicial process." *Colucci*, 533 F. Supp. at 1014.

The Court respectfully recommends to Judge Hurley that Plaintiff's motion for attorney's fees pursuant to 28 U.S.C. § 1927 be DENIED.

## IV. DEFENDANT'S MOTION FOR SANCTIONS UNDER RULE 11

Defendant also moves this Court for sanctions and attorney's fees pursuant to Rule 11 of the Federal Rules of Civil Procedure. Defendant contends that both Plaintiff and his counsel engaged in objectively unreasonable conduct in refusing to withdraw the Complaint after being served the "safe harbor" letter. Def.'s Mem. No. 2 at 5-8. Specifically, Defendant argues that "a simple interview with the plaintiff would have revealed that the facts pleaded in the Complaint were false. Counsel obviously failed to undertake this affirmative duty and thereby filed a false and frivolous Complaint." *Id*. at 8.[1] Plaintiff's counsel responds by arguing that "the testimony

---

[1] Defendant also points to a prior action involving Plaintiff's counsel, *Frazier v. NRA Grp., LLC*, No. 16-CV-2942, 2017 WL 2547236 (E.D.N.Y. June 13, 2017), in which Judge LaShann DeArcy Hall sanctioned counsel for failing to comply with court orders. This Court

[of Plaintiff] was not fatal to Plaintiff's case. The facts he testified to demonstrate a violation of the F.D.C.P.A., namely Defendant's failure to properly identify itself." Pl.'s Opp'n No. 2 at 5.

### A. Legal Principles

Rule 11(b) of the Federal Rules of Civil Procedure states that an attorney who presents "a pleading, written motion, or other paper" to the court thereby "certifies" that to the best of his knowledge, information, and belief formed after a reasonable inquiry, the filing is: (1) not presented for any improper purpose, "such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;" (2) "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;" and (3) either supported by evidence or "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." FED. R. CIV. P. 11(b). To avoid the risk of sanctions under Rule 11, counsel is charged with a duty to "undertake a reasonable inquiry to ensure that papers filed are well grounded in fact, legally tenable, and not interposed for any improper purpose." *Mahoney v. Yamaha Motor Corp. U.S.A.*, 290 F.R.D 363, 368 (E.D.N.Y 2013) (quoting *Young v. Suffolk Cnty.*, No. 09-CV-3325, 2013 WL 491982 at *23 (E.D.N.Y. Feb. 11, 2013)).

In considering a motion for sanctions under Rule 11, "[t]he standard for triggering the award of fees under Rule 11 is objective unreasonableness," *Margo v. Weiss,* 213 F.3d 55, 65 (2d Cir. 2000), as opposed to "bad faith." *See In re Pennie & Edmonds LLP*, 323 F.3d 86, 90 (2d Cir. 2003). In the Second Circuit, an action is "objectively unreasonable," and therefore "Rule 11 sanctions are appropriate where an attorney or party declines to withdraw a claim 'upon an express request by his or her adversary after learning that [the claim] was groundless.'" *Fuerst v. Fuerst*, 832 F. Supp. 2d 210, 220 (E.D.N.Y. 2011) (quoting *Carlton Grp., Ltd. v. Tobin*, No. 02

---

declines to consider the attempt to inject this other case into the current proceedings primarily because of the purpose for which it is apparently offered.

CIV. 5065, 2003 WL 21782650, at *6 (S.D.N.Y. July 31, 2003); *Calloway v. Marvel Entm't Grp., a Div. of Cadence Indus. Corp.*, 854 F.2d 1452, 1472 (2d Cir. 1988), *rev'd in part sub nom. Pavelic & LeFlore v. Marvel Entm't Grp.*, 493 U.S. 120 (1989).

Significantly, the notice of a groundless claim and a request for its withdrawal must come at least 21 days prior to a moving party's filing of a Rule 11 motion with the Court. This is due to Rule 11's "safe harbor" provision, which necessitates a 21-day period following service of a Rule 11 motion on an opposing party, and filing with the Court. *See* FED. R. CIV. P. 11(c)(2).

However, "even if the district court concludes that the assertion of a given claim violates Rule 11 . . . the decision whether or not to impose sanctions is a matter for the court's discretion." *Perez v. Posse Comitatus*, 373 F. 3d 321, 325 (2d Cir 2004). Rule 11(c) provides in pertinent part that "[*i*]*f ... the court determines that subdivision (b) has been violated, the court may ...* impose an appropriate sanction ...." Fed.R.Civ.P. 11(c) (emphasis added). Ultimately, the decision "whether to impose a sanction for a Rule 11(b) violation is thus committed to the district court's discretion." *Id.* (citing *Simon DeBartolo Group, L.P. v. Richard E. Jacobs Group, Inc.,* 186 F.3d 157, 166 (2d Cir.1999) ("Once a court determines that Rule 11(b) has been violated, *it may in its discretion* impose sanctions ...." (emphasis in original). "Rule 11 does not, after all, authorize sanctions for merely frustrating conduct." *Lawrence v. Richman Group of CT LLC*, 620 F. 3d 153, 158 (2d Cir 2010).

### B. Application

Prior to filing the Complaint, counsel for Plaintiff had an affirmative obligation to "undertake a reasonable inquiry to ensure that papers filed are well grounded in fact, legally tenable, and not interposed for any improper purpose." *Mahoney*, 290 F.R.D at 368. "It is well-established that 'Rule 11 does not impose a continuing obligation on the presenter to update,

correct or withdraw any pleading, written motion or other paper which, when presented, satisfies the requirements of the Rule.'" *Carlton Group, Ltd. v. Tobin*, No. 02-CV-5065, 2003 WL 21782650, at *6 (S.D.N.Y. July 31, 2003) (quoting Gregory P. Joseph, *Sanctions: The Federal Law of Litigation Abuse* 125 (3d Ed. 2000)). However, Rule 11(b)(3) "requires an attorney to continuously make sure that his allegations have evidentiary support. After investigation and discovery, continued prosecution of a case where it would appear to a reasonable attorney that the factual allegations cannot be supported can subject an attorney to sanctions." *L.I. Head Start Child Dev. Servs., Inc., v. Frank,* 165 F. Supp. 2d 367, 372 (E.D.N.Y. 2001) (quoting *Calloway v. Marvel Entertainment Group*, 854 F.2d 1452, 1469-70 (2d Cir. 1988), *rev'd. in part on other grounds,* 493 U,S, 120, 110 S. Ct. 456, 107 L.Ed. 2d 438 (1989)).

In the Court's view, it is more likely than not that the factual support for the allegations in the instant Complaint did not exist in the first instance and a proper vetting of the client would have revealed that fact. The deposition of the Plaintiff shows that the inquiry made by counsel prior to filing the Complaint was woefully inadequate. *See Cooter & Gell v. Hartmarx Corp*., 496 U.S. 384, 389–90, 110 S. Ct. 2447, 2452–53, 110 L. Ed. 2d 359 (1990) (granting the respondents' motion for Rule 11 sanctions on finding that the petitioner's prefiling inquiry was "grossly inadequate"). The allegations were affirmatively contradicted by Plaintiff's deposition testimony -- most notably Plaintiff's testimony that he did not "call anyone responding to a message regarding the hospital bill at issue." Def.'s Mem. No. 1, Ex. C (33:3-6). In addition, Plaintiff's claims were dramatically undercut by Plaintiff's inability to "recall" anything of substance. *See id*. (26-27, 33-34). Even giving Plaintiff's counsel every benefit of the doubt -- and even assuming that there was a sufficient basis for the Complaint's allegations at the time of its filing – counsel had a duty following the deposition to either withdraw certain claims or

15

amend his allegations to conform to the newly discovered evidence (or lack thereof). *Compare Gagasoules v. MBF Leasing LLC*, 286 F.R.D. 205, 212 (E.D.N.Y. 2012) (Rule 11 sanctions denied where defendant failed to show the existence of evidence from plaintiff's deposition directly contradicting the allegations in the complaint); *Lawrence v. City of New York,* 15 CV 8947, 2018 WL 3611963, at *4 (S.D.N.Y. July 27, 2018) ("Based on the evidence supporting Lawrence's claims, including the 911 call produced in discovery, this Court cannot conclude that Leventhal had a duty to withdraw Lawrence's claims.").

Following Plaintiff's deposition here, it should have been clear to counsel that many of the Complaint's factual contentions did not have evidentiary support, if they ever did. Consequently, the failure of Plaintiff's counsel to withdraw certain claims or amend the Complaint's factual allegations, despite opposing counsel's "safe harbor" letter, was "objectively unreasonable." The Court finds accordingly that counsel's conduct violated Rule 11(b)(3). *See L.I. Head Start Child Dev. Servs., Inc.,* 165 F. Supp. 2d at 372.

Having concluded that Rule 11 sanctions are warranted, the question raised is what sanctions are appropriate. Rule 11 provides that sanctions "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). "Although the purpose of sanctions is deterrence, and not reimbursement, *see, e.g.*, LeFlore v. Marvel Enter. Grp.,* 493 U.S. 120, 126, 110 S. Ct. 456, 107 L.Ed.2d 438 (1989), sanctions may include 'an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.'" *Galin v. Hamada*, 283 F. Supp. 3d 189, 204 (S.D.N.Y. 2017) (quoting Fed. R. Civ. P. 11(c)(4)). Plaintiff did not withdraw his claims at the close of discovery, when it was clear that there was no evidence to support those claims. In addition, Plaintiff knew that Defendant intended to seek Rule 11

sanctions (*see* June 23, 2016 "safe harbor" letter from defendant's counsel, annexed as Ex. D to the Declaration of Bradley J. Levien, Esq., in support of the Motion for Sanctions [DE 44]). Had the claims been withdrawn, defendant would have avoided briefing the motion for summary judgment and the instant sanctions motion, "preserving [its] own resources (not to mention the Court's)." *Id.* Given these circumstances, the Court finds that the appropriate sanction is requiring Plaintiff Cameau and his counsel, jointly and severally, to reimburse the Defendant for its reasonable attorney's fees and expenses associated with briefing the motion for summary judgment and the Rule 11 motion. *Id.*; *see Kochisarli v. Tenoso*, No. 02-CV-4320, 2007 WL 1017613, at *5 (E.D.N.Y. Mar. 30, 2007) (determining the amount of monetary sanctions under Rule 11 by calculating the "costs incurred in the preparation" of responding to the objectionable conduct).

The Court respectfully recommends to Judge Hurley that Plaintiff's Rule 11 motion for sanctions be GRANTED and that a limited amount of attorney's fees be awarded here. *See Yu Sen Chen v. MG Wholesale Distrib. Inc.,* 16-CV-4439, 2018 WL 2088016, at *1 (E.D.N.Y. May 4, 2018) ("However, '[t]he case law under Rule 11 also reflects the exercise of [judicial] discretion to award only that portion of a defendant's attorney's fee thought reasonable to serve the sanctioning purpose of the Rule.'") (quoting *Eastway Const. Corp. v. City of New York*, 821 F.2d 121, 123 (2d Cir. 1987)). Specifically, this Court respectfully recommends to Judge Hurley that Defendant be permitted to submit an appropriate fee application for costs incurred by the Defendant for work completed after Defendant's service of the Rule 11 letter on Plaintiff's counsel on June 23, 2016.

## V. CONCLUSION

For the foregoing reasons, the Court recommends to Judge Hurley that Defendant's motion for attorney's fees pursuant to 15 U.S.C.§ 1629k(a)(3), Fed. R. Civ. P. 54, and 28 U.S.C. § 1927 be DENIED, and Defendant's motion for sanctions and attorneys' fees under Fed. R. Civ. P. 11 be GRANTED, in accordance with this Report and Recommendation.

## VI. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* FED. R. CIV. P. 6(a), (e). Such objections by an attorney of record shall be filed with the Clerk of the Court via ECF. **A courtesy copy of any objections filed is to be sent to the Chambers of the Honorable Denis R. Hurley, and to the Chambers of the undersigned. Any requests for an extension of time for filing objections must be directed to Judge Hurley prior to the expiration of the fourteen (14) day period for filing objections**. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**SO ORDERED.**

Dated: Central Islip, New York
      August 6, 2018

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge