UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
JEFF CAMEAU

Plaintiff,

-against-

NATIONAL RECOVERY AGENCY, INC.,

Defendant.
---------------------------------------------------X

**ORDER ADOPTING R&R**
15-CV-2861 (DRH)(AKT)

**HURLEY, Senior District Judge:**

## INTRODUCTION

Presently before the Court is the Report and Recommendation ("R&R), dated August 6, 2018, of Magistrate Judge A. Kathleen Tomlinson recommending that the Court (1) deny Defendant's motion for attorney's fees, and (2) grant Defendant's motion for sanctions. Plaintiff's Counsel has filed an objection to the portion of the R&R recommending that the Court grant Defendant's motion for sanctions.

## BACKGROUND

There are three separate descriptions of the telephone call at issue that emerged over the course of this action: (1) the factual allegations in the Complaint; (2) the recitation of the facts by Plaintiff in the deposition; and (3) the transcript of the telephone conversation attached to Plaintiff's Counsel's objection to the R&R. The Court will go through each of these in turn.

*I. The Complaint*

Plaintiff commenced this action in May 2015 against Defendant, asserting violations of the Fair Debt Collection Practices Act ("FDCPA") due to Defendant's representative's alleged initial refusal to identify Defendant during the May 29, 2014 telephone conversation. In the Complaint, Plaintiff Jeff Cameau ("Plaintiff") alleges that in May 2014 he received telephone

calls on his home and mobile phones from Defendant National Recovery Agency, Inc. ("Defendant") for purposes of collecting a debt. (Compl. [DE 1] ¶ 10.) Plaintiff retained counsel, and then placed a telephone call to Defendant on May 29, 2014. (*Id.* ¶ 12.) Plaintiff claims that after hearing a recorded greeting that stated "calls may be recorded," he was directed to dial an extension number. (*Id.* ¶ 13.) Plaintiff states that he did not dial the extension number, however, he was connected to an individual who stated, "calls may be recorded, may I help you?" (*Id.*) Plaintiff alleges that he asked for the name of Defendant, but was ignored and was instead given the representative's name, Chris Nash. (*Id.* ¶ 14.) The Complaint states that later in the conversation the representative finally identified the creditor, at which time Plaintiff expressed confusion as to why they were not communicating with his attorney instead of him given that it was "the same creditor for which he was previously represented by [Plaintiff's Counsel]." (*Id.* ¶ 15.)

    II.    *The Deposition*

Defendant deposed Plaintiff on February 25, 2016. In the deposition, Plaintiff said that he did not recall most of the events as they were alleged in the Complaint, including whether the telephone call at issue happened, and if it did happen, whether the representative identified himself as Chris Nash as opposed to identifying Defendant by its company name. (Tr. of Pl.'s Deposition (Feb. 25, 2016) Ex. C to Def.'s Mem. in Supp. [De 41-5] (hereinafter "Depo. Tr.") 15:12–24.)

Based on Plaintiff's deposition testimony, Defendant sent a request by letter dated June 23, 2016 (the "safe harbor letter"), asking Plaintiff to voluntarily dismiss the action within 21 days. According to Defendant, Plaintiff's counsel never responded. On June 6, 2017, this Court granted Defendant's unopposed motion for summary judgment. On October 12, 2017,

Defendant moved for attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), Fed. R. Civ. P. ("Rule") 54(d), and 28 U.S.C. § 1927.  Defendant simultaneously filed a motion for sanctions under Rule 11.  Plaintiff filed memoranda in opposition to both motions.  This Court referred the motions to Judge Tomlinson on October 13, 2017.

   III.  *The R&R and Counsel's Objection*

On August 6, 2018, Judge Tomlinson issued the instant R&R.  In the R&R, Judge Tomlinson recommends that the Court grant Defendant's motion for sanctions and require Plaintiff and his counsel, jointly and severally, to reimburse Defendant for the reasonable attorney's fees and expenses associated with briefing the motions for summary judgment and sanctions.  (R&R at 17.)  Judge Tomlinson explains that "it is more likely than not that the factual support for the allegations in the instant Complaint did not exist in the first instance and a proper vetting of the client would have revealed that fact.  The deposition of the Plaintiff shows that the inquiry made by counsel prior to filing the Complaint was woefully inadequate." (*Id.* at 15.)

On August 24, 2018, Plaintiff's Counsel filed his objection to the portion of the R&R granting the motion for sanctions.  Plaintiff also sent a flash drive with a recording of the initial telephone conversation between Plaintiff and Defendant's representative, Chris Nash.  Upon direction from the Court, Plaintiff's Counsel filed a transcript of the telephone call at issue.  The transcript shows that Plaintiff did make the phone call at issue, and the initial conversation went as follows:

> JEFFREY CAMEAU: Alright, this is Jeffrey Cameau.  I'm just returning a phone call from this number.
>
> CHRIS NASH: Okay.  What number do we call to at your premises?
>
> JEFFREY CAMEAU: The 800-360-4319 number.

CHRIS NASH: I do apologize. Your phone number?

JEFFREY CAMEAU: Oh, my phone number? [XXX-XXX-XXXX]

CHRIS NASH: Mr. Jeffrey Cameau?

JEFFREY CAMEAU: Yes.

CHRIS NASH: And the last four digits on your Social are [XXXX]?

JEFFREY CAMEAU: Yes.

CHRIS NASH: And, is it okay to reach you at this number, Sir?

JEFFREY CAMEAU: No, I would just like to know what it's about.

CHRIS NASH: My name is Chris Nash from National Recovery Agency, Inc. I am calling to tell you, this is an attempt to collect a debt, and information obtained will be used for that purpose. This case is from a debt collector[.]

(Tr. of Telephone Call with Plaintiff [DE 52] at 1.)

## APPLICABLE STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(b) provides that when a magistrate judge issues a report and recommendation on a matter "dispositive of a claim or defense of a party," the district court judge shall make a de novo determination of any portion of the magistrate judge's disposition to which specific written objection has been made. Fed. R. Civ. P. 72(b). Accordingly, the Court reviewed the motion for sanctions de novo.

Pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 7, the Court reviews the unobjected to portions of the R&R, namely the motion for attorney's fees, for clear error.

# DISCUSSION

I. *Legal Standard for Motion for Sanction*

Rule 11(b) provides in relevant part that:

By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and](3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Counsel is required to "undertake a reasonable inquiry to ensure that papers filed are well grounded in fact, legally tenable, and not interposed for any improper purpose." *Mahoney v. Yamaha Motor Corp. U.S.A.*, 290 F.R.D. 363, 368 (E.D.N.Y. 2013) (quoting *Young v. Suffolk Cnty.*, 2013 WL 491982, at *23 (E.D.N.Y. Feb 11, 2013)). "The standard for triggering the award of fees under Rule 11 is objective unreasonableness[.]" *Margo v. Weiss*, 213 F.3d 55, 65 (2d Cir. 2000). An action is "objectively unreasonable" such that "Rule 11 sanctions are appropriate where an attorney or party declines to withdraw a claim 'upon an express request by his or her adversary after learning that [the claim] was groundless." *Fuerst v. Fuerst*, 832 F. Supp. 2d 210, 220 (E.D.N.Y. 2011) (quoting *Carlton Corp., Ltd. v. Tobin*, 2003 WL 21782650, at *6 (S.D.N.Y. July 31, 2003) (internal quotation marks omitted). Even if a court determines that Rule 11(b) has been violated, the court still has the discretion to decide whether to impose sanctions. *Simon DeBartolo Group L.P. v. Richard E. Jacobs Group, Inc.*, 186 F.3d 157, 166 (2d Cir. 1999).

## II. The Motion for Sanctions is Granted

At the time that Judge Tomlinson issued the R&R, she did not have a copy of the transcript of the original telephone conversation. Accordingly, at that time it appeared that the allegations in the Complaint "were affirmatively contradicted by Plaintiff's deposition testimony—most notably Plaintiff's testimony that he did not 'call anyone responding to a message regarding the hospital bill at issue.'" (R&R at 15 (quoting Depo. Tr. 33:3–6).) Based on Plaintiff's deposition, Judge Tomlinson found that Plaintiff's Counsel "had a duty following the deposition to either withdraw certain claims or amend his allegations to conform to the newly discovered evidence (or lack thereof)." (R&R at 16.)

Based on the transcript of the telephone call that Plaintiff's Counsel has now provided, it seems that the following allegations in the Complaint are supported: (1) Plaintiff called Defendant, and (2) during that call the representative identified himself as Chris Nash. On the other hand, the transcript also shows that Plaintiff never asked for Defendant's company name, he simply stated "I would just like to know what it's about." Moreover, when Mr. Nash responded by giving his name, he also immediately identified himself as a representative of Defendant, gave Defendant's name, and explained that he was calling to attempt to collect a debt. In other words, Mr. Nash never "refused to identify Defendant's company name to Plaintiff" as alleged in the Complaint. (*See* Compl. ¶ 18.) Therefore, even if Plaintiff's deposition was not entirely accurate, Counsel still should have known based on the transcript of the telephone conversation that key factual allegations in the Complaint had no support. In light of Plaintiff's Counsel's failure to withdraw his claims or amend the Complaint, the Court finds that Counsel violated Rule 11(b)(3).

Furthermore, the Court finds that Rule 11 sanctions are warranted given that Plaintiff's Counsel never responded to Defendant's safe harbor letter, and that he was objectively unreasonable in failing to dismiss the action or amend the Complaint. Counsel's objectively unreasonable conduct required Defendant to move for summary judgment, which could have been avoided had he withdrawn the claim as requested. As such, the Court finds that the appropriate amount of sanctions is for Plaintiff and Plaintiff's Counsel, jointly and severally, to reimburse the Defendant for its reasonable attorney's fees and expenses associated with briefing the motion for summary judgment. *See Galin v. Hamada*, 283 F. Supp. 3d 189, 204 (S.D.N.Y. 2017) (quoting Rule 11(c)(4)) (sanctions may include "part or all of the reasonable attorney's fees and other expenses directly resulting from the violation."). Neither Plaintiff nor Plaintiff's Counsel are required to pay for Defendant's costs associated with briefing the motion for sanctions, as this was discretionary and did not directly result from Counsel's objectively unreasonable conduct. *See id.*

## CONCLUSION

Pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72, this Court has reviewed the unobjected to portion of the R&R, denying Defendant's motion for attorney's fees, for clear error. Finding none, the Court now concurs in both its reasoning and its result.

Pursuant to Fed. R. Civ. P. 72(b) the Court has reviewed the objected to portions of the R&R, granting Defendant's motion for sanctions, de novo. The Court finds that Plaintiff's Counsel acted objectively unreasonably and violated Rule 11(b)(3).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for attorney's fees is denied, and Defendant's motion for sanctions is granted. Plaintiff and Plaintiff's Counsel are jointly and

severally directed to reimburse Defendant for its reasonable attorney's fees and expenses associated with briefing the motion for summary judgment. Defendant shall submit an accounting of its costs associated with briefing the motion for summary judgment on or before October 11, 2018.

Dated: Central Islip, N.Y.
      September 28, 2018                       /s/ Denis R. Hurley
                                                          Denis R. Hurley
                                                          United States District Judge